IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD C. GROEL, ) | |
| No. B-63838, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-01008-DRH |
| ) | |
| ALLEN MARTIN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Harold C. Groel, currently incarcerated in Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his conviction for criminal sexual assault. Following a jury trial in the Circuit Court for Tazwell County, Illinois, Groel was found guilty of criminal sexual assault and was sentenced on July 1, 2009, to 15 years in prison. *See* Doc. 1, p. 1; *People v. Groel*, 970 N.E.2d 1259, 1266 (Ill. App. 3rd Dist. 2012). The conviction was affirmed on direct appeal and, according to the petition, the Supreme Court of Illinois further "affirmed" the conviction by Order dated September 28, 2012.

Groel now argues, as he did on appeal, that he was denied a fair trial because an element of the offense, his "position of trust, supervision, or authority" over the victim, was not adequately defined.

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District

Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Martin will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 30th day of October, 2013**

Digitally signed by David R. Herndon
Date: 2013.10.30 15:24:21 -05'00'

**Chief Judge**
**United States District Court**