IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD C. GROEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-1008-DRH-CJP |
| | ) |
| CAROLYN GURSKI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

In 2009, a jury in Tazewell County, Illinois, convicted Harold C. Groel of one count of criminal sexual assault in violation of 720 ILCS 5/12-13(a)(4). He was sentenced to fifteen years imprisonment. Now before the Court is the issue of whether the petition should be stayed and held in abeyance pending exhaustion of state remedies.

Groel used a form to prepare his petition. In the section entitled "Grounds for Your Challenge in This Petition," he raised only one ground for habeas relief:

> The state court erred "in finding the defendant guilty, without requiring further analysis or more definitive definition of the positions [of] authority, supervision, and trust and how it applies to the defendant."

Doc. 1, p. 6. However, in the "Request for Relief" section of the petition, Groel asserted that the failure to have "some type of true definition" of the three terms and to specify which term allegedly applies to him resulted in "having the defendant prove that he did not fall into any of the positions and that to have all three positions relieves the State of it's [sic] burden of proof denying him due

1

process of law." Doc. 1, p. 10.

On preliminary review, the Court construed petitioner's claim as "he was denied a fair trial because an element of the offense, his 'position of trust, supervision, or authority' over the victim, was not adequately defined." See, Doc. 8, p.1.

Respondent's answer, Doc. 21, focused primarily on the sufficiency of the evidence, and only secondarily on petitioner's argument about the definition of position of trust, supervision or authority. In his reply, Doc. 24, petitioner definitively stated that he is *not* making a sufficiency of the evidence claim. See, Doc. 21, p. 1, ¶2. Rather, his ground for habeas relief is, as was stated in the order on preliminary review, that his positon of trust, supervision, or authority over the victim, was not adequately defined. The Court will refer to this as the "definition claim." He also asserted in his reply a slightly different ground, that the indictment was insufficient because it did not specify which position (trust, authority or supervision) defendant held relative to the victim. The Court will refer to this as the "notice claim."

The Court directed respondent to file an amended response. The amended response is located at Doc. 34. Therein, respondent indicated for the first time that petitioner had filed a collateral proceeding in June 2013, i.e., a petition for relief from judgment pursuant to 735 ILCS §5/2-1401.[1] Respondent did not indicate whether petitioner appealed from the order denying that petition.

---

[1] Petitioner denied filing "any other petition, application, or motion" in in original habeas petition. See, Doc. 1, p. 6.

Because the Court's own research suggested that petitioner did, in fact, file a notice of appeal, the Court directed respondent to advise the Court of the status of petitioner's state court proceedings. Respondent indicated that petitioner's appeal was still pending. The Office of the State Appellate Defender had been appointed to represent him, and his opening brief was due in May, 2016. See, Doc. 45.

The Court then asked the parties to file memoranda on the question of whether the habeas petition should be stayed and held in abeyance. Respondent opposes a stay, while petitioner is in favor. See, Docs. 48 & 49.

### Relevant Facts and Procedural History

This summary of the facts is derived from the decision of the Illinois Appellate Court, Third District, denying petitioner's direct appeal. A copy of the decision is located at Doc. 21, Ex. 2, pp. 1-11.[2]

Groel was initially charged with five counts of criminal sexual assault against three minor female victims (T.A., S.N. and A.P.), and one count of endangering the life or health of a child (S.N.) by providing alcoholic beverages and drugs. After S.N. failed to appear at trial as scheduled, the three counts involving her were dismissed. Defendant was convicted only on one count involving T.A. Ex. 2, pp. 2, 4.

T.A., S.N. and A.P. were foster children in the custody of petitioner's mother-in-law, Judy Morris. Petitioner's wife, Cathy Groel, sometimes "babysat" one or more of her mother's foster children. Ex. 2, pp. 4-5. T.A. testified that

---

[2] The Court uses the exhibit and page numbers that are assigned by the CM/ECF electronic filing system.

Judy Morris would leave her with Cathy Groel at the home Cathy Groel shared with petitioner while Judy Morris went to play bingo. T.A. testified that, when she was fourteen years old, petitioner had vaginal intercourse with her at his home. She said that petitioner had vaginal intercourse with her on other occasions as well, and that he had stopped having intercourse with her when another foster child, S.N., moved into Judy Morris' home. Ex. 2, pp. 3-4.

On direct appeal, Groel raised the following issues:

1. He was not proven guilty beyond a reasonable doubt.

2. The judge erred in allowing the state to introduce other-conduct evidence to show his propensity to commit this type of offense.

3. Admission of his prior conviction for endangering the life or health of a child was error.

4. The state's closing argument was improper.

Ex. 2, pp. 13-17.

Groel's petition for leave to appeal, which was filed by counsel, raised the following issue:

> Leave to appeal should be granted so that this Court can clarify the meaning of "position of trust, authority, or supervision," because the appellate court decisions have failed to furnish a definition of the term that provides fair notice and a proper standard for adjudication.

Doc. 21, Ex. 3, p. 79.

The Supreme Court denied leave to appeal on September 26, 2012. Ex. 3, p. 109.

Groel did not file a state postconviction petition under 720 ILCS 5/122-1. However, in June 2013, he filed a petition for relief from judgment pursuant to

735 ILCS §5/2-1401. As is relevant here, the petition argued that the judgment was void because "the indictment did not state an offense nor adequately informed [sic] the defendant of the offense of criminal sexual conduct." Doc. 36, Ex. 1. The Circuit Court denied the petition on May 2, 2014. Doc. 36, Ex. 3.

Groel appealed from the denial of his petition for relief from judgment. That appeal is now pending. Doc. 45.

## Applicable Legal Standards

### 1. Exhaustion and Procedural Default

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732-

1733 (1999), see also 28 U.S.C. §2254(b) & (c).  Under the Illinois two-tiered appeals process, petitioners such as Groel must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one.  *O'Sullivan, Ibid.*

2. **Stay and Abeyance**

District courts have discretion to hold in abeyance a mixed habeas petition, containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while federal proceedings are stayed.  *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005).  However, stay and abeyance should only be utilized in "limited circumstances." It is appropriate only where: (1) there is good cause for the petitioner's failure to exhaust state claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory litigation tactics.  If the court determines that a stay is not warranted, it should allow the petitioner the opportunity to delete the unexhausted claims from his petition and proceed solely on the exhausted claims.  *Ibid.*

## Analysis

An initial procedural question is whether the notice claim has been properly asserted by petitioner in this action.  In the original petition, the notice claim was referred to only obliquely in the Request for Relief section.  Petitioner explicitly raised the issue in his reply to the response, Doc. 24.  For the first time, he raised a specific challenge to the sufficiency of the indictment, citing *People v.*

*Sparks*, 582 N.E.2d 314 (Ill. App. Ct. 1991). He also relies on *Sparks* in his pending state petition for relief from judgment, Doc. 36, Ex. 1.

Pursuant to Fed.R.Civ.P. 15(a)(1)(B), petitioner had a right to amend his petition as a matter of course by filing an amendment within 21 days after service of a responsive pleading. He did not file his reply within 21 days of service of respondent's answer, but he did seek and was granted leave to file his reply out of time. See, Docs. 22 & 23. Further, the notice claim was mentioned, albeit vaguely, in the original petition. In view of petitioner's pro se status and the lack of an objection by respondent, the Court deems the petition to be amended to explicitly state the notice claim as set forth in Doc. 24.[3]

Obviously, petitioner has not exhausted state court remedies as to his notice claim. Therefore, his petition is mixed. In Doc. 48, respondent argues that the petition should not be stayed because petitioner has not demonstrated good cause for his failure to exhaust his notice claim, and that the claim is plainly meritless.

The Supreme Court in *Rhines* cautioned against overuse of the stay and abeyance procedure "because of the potential to undermine the twin purposes of AEDPA to encourage finality by requiring prompt resolution of federal habeas corpus petitions and to streamline the process by requiring total exhaustion of state court remedies prior to the federal action." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). Accordingly, before staying a mixed petition, the court

---

[3] Respondent has not argued that the notice claim is barred by the one-year statute of limitations for filing a §2254 petition.

must determine whether petitioner had good cause for his failure to exhaust and whether the unexhausted claim has some possible merit. *Ibid*, citing *Rhines*, 125 S.Ct. at 1535. See also, *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006).

Here, petitioner has not shown good cause for his failure to exhaust the notice claim. He states only that he filed his habeas petition pro se and he has a limited knowledge of the law, and that his failure to exhaust his state remedies before filing his federal habeas petition was not intentional. See, Doc. 49.

Cause for a default generally requires a showing that something external to the petitioner, "something that cannot fairly be attributed to him," impeded his ability to properly present his claim. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012). The fact that a petitioner is pro se is not sufficient by itself to establish cause. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010). Further, a lack of education or legal knowledge does not constitute cause. *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002). Many, if not most, habeas petitioners are pro se and are not legal experts; granting a stay on that basis would run afoul of the Supreme Court's instruction in *Rhines* that the stay and abeyance procedure be applied only in limited circumstances.

The Court concludes that Groel has not demonstrated cause for his failure to exhaust state court remedies as to his notice claim. Therefore, he does not meet the first of the *Rhines* requirements, and this petition will not be stayed.

If stay and abeyance is not appropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted

claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 125 S. Ct. at 1535.

Petitioner must decide between two options.

First, he may withdraw his unexhausted notice claim and proceed solely on the basis of his exhausted claim. This choice could potentially prevent future federal habeas review of his unexhausted notice claim because that claim would then be subject to the restriction on successive filings set forth in 28 U.S.C. §2244(b), as well as the one-year statute of limitations for filing a §2254 petition set forth in 28 U.S.C. §2244(d).

Second, Groel may voluntarily withdraw his entire petition now and refile his habeas petition after state court remedies have been exhausted. This choice could potentially prevent future federal habeas corpus review of all of his claims because of the one-year statute of limitations. The Court notes that the one-year period for filing a habeas petition is tolled during the pendency of properly filed state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). This Court expresses no opinion as to whether Groel's petition for relief from judgment under 735 ILCS 5/2-1401 constitutes a properly filed state post-conviction or other collateral review proceeding. The Court simply notes that Groel runs the risk of being foreclosed from refiling his federal habeas petition because of the one year statute of limitations if his petition for relief from judgment is not considered to be a properly filed state post-conviction or other collateral review proceeding.

## Conclusion

The Court concludes that stay and abeyance is not warranted here.

On or before October 11, 2016, petitioner Groel shall file either (1) an amended petition setting forth only his exhausted "definition claim;" or (2) a motion to voluntarily dismiss his habeas petition without prejudice.

Groel is cautioned that failure to file either an amended petition or a motion to voluntarily dismiss by October 11, 2016, may result in the dismissal of this action for failure to follow the Court's order.

**IT IS SO ORDERED.**

Signed this 11th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.11 21:57:16 -05'00'

**United States District Judge**